

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

April 10, 1950

Hon. John Ben Shepperd
Secretary of State
Austin, Texas

Opinion No. V-1043.

Re: The validity of S.B. No. 35,
Acts 51st Legislature, 1st
Called Session, 1950, making
an appropriation from the Se-
curities Act Fund to defray
expenses of publishing the laws

Dear Mr. Shepperd:
of said called session.

You request the opinion of this office as to the validity
of Senate Bill No. 35 passed by the First Called Session of the 51st
Legislature, which is as follows:

"AN ACT making an emergency appropriation
for the use of the Secretary of State for the purpose of
publishing the Current Laws; and declaring an emer-
gency.

"BE IT ENACTED BY THE LEGISLATURE OF THE
STATE OF TEXAS:

"Section 1. There is hereby appropriated for
the use of the Secretary of State, out of any funds in
the Securities Act Fund not heretofore otherwise ap-
propriated, the sum of Two Thousand ($2,000.00) Dol-
lars to be expended for the purpose of compiling, ed-
iting, indexing, and distributing the Current Laws en-
acted by the 51st Legislature.

"Sec. 2. The fact that the appropriations hereto-
fore made to the Secretary of State for the purposes
named in Section 1 of this Act are inadequate, creates
an emergency and an imperative public necessity that
the Constitutional Rule requiring bills to be read on
three several days in each House be suspended; and
the same is hereby suspended, and this Act shall take
effect and be in full force and effect from and after its
passage, and it is so enacted."

Under the authority of Gulf Insurance Co. v. James,
143 Tex. 424, 185 S.W.2d 966 (1945), we hold that this Act is valid
and the appropriated funds may be used for the purpose specified

in the Act. The Court said:

"We agree with the holding of the Court of Civil Appeals that the Legislature has the right to transfer the balance on hand in these special funds to the General Revenue Fund. In so doing the Legislature does not violate the provisions of Article VIII, Section 7, of the Constitution, Vernon's Ann. St., which provides that 'The Legislature shall not have power to borrow, or in any manner divert from its purpose, any special fund that may, or ought to, come into the Treasury; * * *.' In the case of Brazos River Conservation & Reclamation District v. McCraw, 126 Tex. 506, 91 S.W.2d 665, this Court held that the above-quoted constitutional inhibition applies only to special funds created by the Constitution, and not to special funds created by statute. The special funds here under consideration were created by statute, and not by the Constitution.

" . . . The State could have required the funds collected for the purposes indicated to be paid directly to the General Revenue Fund in the first instance. Ex Parte Gregory, 20 Tex. App. 210, 219, 54 Am. Rep. 516; Brown v. City of Galveston, 97 Tex. 1, 17, 75 S.W. 488. If it had done so, then certainly the excess, if any, would have been available for use for general purposes. The propriety and fairness of an enactment authorizing the use of the unexpended balances in these special funds for general purposes present legislative rather than judicial considerations."

You are, therefore, advised that it is our opinion that Senate Bill No. 35 makes a valid appropriation and that the funds therein appropriated may be used for the purpose specified in the Act.

## SUMMARY

The Legislature may make an appropriation from statutory special funds in the same manner and to the same extent as it may make appropriation from the General Fund. Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945).

Very truly yours,

APPROVED:

PRICE DANIEL
Attorney General

W. V. Geppert
Taxation Division

Charles D. Mathews
Executive Assistant

By L. P. Lollar
Assistant

LPL/mwb